**Fatime AVDIMETAJ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, et al.,[1] Respondents.**

**No. 07–2228–ag.**

United States Court of Appeals, Second Circuit.

March 21, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Joshua Bardavid, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Carl H. McIntyre, Assistant Director, Leah V. Durant, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Fatime Avdimetaj, a native of Kosovo and a citizen of the former Yugoslavia, seeks review of the April 27, 2007 order of the BIA affirming the September 6, 2005 decision of Immigration Judge ("IJ") Patricia A. Rohan, denying petitioner's application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). *In re Fatime Avdimetaj,* No. A98 402 587 (B.I.A. Apr. 27, 2007), *aff'g* No. A98 402 587 (Immig. Ct. N.Y. City, Sep. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

■ We find that the agency's finding that Avdimetaj failed to establish eligibility for asylum, withholding of removal, and CAT relief is supported by the record. The BIA found that Avdimetaj "failed to establish that the harm she suffered in the former Yugoslavia rises to the level of persecution." In determining whether an applicant has demonstrated persecution, the agency must view events cumulatively, rather than addressing the severity of each event in isolation. *See Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir.2007); *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005). Although the BIA found that the 1991 gas attack Avdimetaj suffered and the subsequent destruction of her home due to the "ravages of war" did not rise to the level of persecution, the BIA appears to have "considered each of the incidents separately without determining how they affected the significance of other incidents." *Manzur,* 494 F.3d at 290. In particular, the BIA ana-

lyzed Avdimetaj's 1991 gas attack and concluded she "failed to state what consequences she reportedly suffered as a result of the poison gas attack, to show that the attack was directed against her, or to provide any corroborating evidence in support of her claim." The BIA then found that although Avdimetaj was "a witness to the ravages of war," nothing else happened to her until she left in 2004.

It is unclear, however, that the BIA took the cumulative effect of Avdimetaj's experiences into account in determining whether she suffered past persecution. *See Poradisova,* 420 F.3d at 80. As a result of the BIA's practice of dividing Avdimetaj's harm "into isolated incidents and disposing of each on different grounds, without explaining the cumulative significance—if any—of each of these harms," we have been deprived of the opportunity to review meaningfully any aggregate analysis the BIA may have conducted. *Manzur,* 494 F.3d at 290.

■ Despite the BIA's erroneous finding as to past persecution, because the IJ explicitly relied "on a valid alternative ground for denying relief that is not tainted by error," remand is futile. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006); *see also Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). In this regard, the IJ found that even assuming Avdimetaj's experiences constituted past persecution, the presumption of a well-founded fear of future persecution was rebutted by evidence of changed country conditions in the record. *See* 8 C.F.R. § 1208.13(b)(1). Substantial evidence supports this finding because the 2004 State Department Country Report in the record reveals that the Serbian government "generally respected the human rights of its

**18**

citizens." [2] In light of this record evidence, no "reasonable adjudicator would be compelled to conclude" contrary to the IJ's finding that Avdimetaj's presumption of well-founded fear of persecution was rebutted due to "a fundamental change in circumstances" in Serbia. 8 C.F.R. § 1208.13(b)(1); see Zhou Yun Zhang, 386 F.3d at 73 & n. 7.

We also find no error in the agency's finding that Avdimetaj does not have an objective fear of future persecution. See 8 U.S.C. § 1252(b)(4)(B). Indeed, as the BIA noted, Avdimetaj remained in Kosovo, Serbia from 1999 until 2004 without suffering any harm. In fact, besides the 1991 gas attack, Avdimetaj was never arrested, harmed, or detained by anyone in Kosovo, Serbia. Moreover, as the agency pointed out, her mother and sister continue to live in Kosovo, Serbia without harm. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished). Although the 2004 Country Report indicates that "violence against women ... remained a serious and persistent problem" in Kosovo, Avdimetaj was never harmed in any way on account of her gender. Hence, Avdimetaj failed to present "reliable, specific, objective evidence" to support her allegation that she possesses an objectively reasonable fear of individualized persecution if she returns to Serbia. Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004).

Because Avdimetaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir. 1991).

■ Finally, we find that substantial evidence supports the BIA's determination that Avdimetaj failed to establish eligibility for CAT relief. Indeed, Avdimetaj has failed to present any evidence that she was tortured in the past or that she would likely be tortured in the future. See Mu–Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003) (finding that "Wang has in no way establish that someone in his particular alleged circumstances is more likely than not to be tortured"). The 2004 Country Report in the record indicates that there were no reports of torture taking place in Kosovo. Hence, no "reasonable adjudicator would be compelled to conclude," contrary to the BIA, that Avdimetaj established eligibility for CAT relief. 8 U.S.C. § 1252(b)(4)(B).[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

**2.** Accordingly, despite the agency's error in analyzing Avdimetaj's claim of past persecution, because the IJ assumed that Avdimetaj had established past persecution but nonetheless found that any presumption of a well-founded fear was rebutted by "a fundamental change in circumstances" in Serbia, the IJ's

denial of her asylum application was proper. 8 C.F.R. § 1208.13(b)(1)(i).

**3.** We note that since this appeal was filed, Kosovo has declared its independence from Serbia. We take no stand on what the effect of that is on the petitioner's situation.

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).